FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 10, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOROTHY D.,[1] | No. 1:20-cv-03014-MKD |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ECF Nos. 14, 20 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 20. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court grants Plaintiff's

motion, ECF No. 14, and denies Defendant's motion, ECF No. 20.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

1  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

2  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

3  ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

4  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

5  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's

6  decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

7  *Sanders*, 556 U.S. 396, 409-10 (2009).

8  **SEQUENTIAL EVALUATION PROCESS**

9  After a child has been found to be entitled to disability benefits, the

10  Commissioner is required to redetermine whether the claimant continues to be

11  entitled to benefits once they reach the age of 18.  20 C.F.R. § 416.987.  The

12  Commissioner has established a multi-step sequential evaluation process for

13  determining whether a person's disability has ended.  20 C.F.R. § 416.994(b)(5).

14  This multi-step continuing disability review process is similar to the five-step

15  sequential evaluation process used to evaluate initial claims, with additional

16  attention as to whether there has been medical improvement from the point of the

17  finding of disability (the comparison point decision) through the redetermination

18  decision.  *Compare* 20 C.F.R. § 416.920 *with* § 416.994(b)(5).  However, when a

19  child's eligibility for benefits is redetermined under the adult criteria when the

20  child reaches age 18, the ALJ must consider the redetermination under the rules

ORDER - 3

1  that apply to an adult's new application, 20 C.F.R. § 416.920, not the criteria set

2  forth in 20 C.F.R. § 416.994.  20 C.F.R. § 416.987(b).  A claimant is disabled only

3  if her impairment is "of such severity that [s]he is not only unable to do his [or her]

4  previous work[,] but cannot, considering his [or her] age, education, and work

5  experience, engage in any other kind of substantial gainful work which exists in

6  the national economy."  42 U.S.C. § 1382c(a)(3)(B).

7      The Commissioner has established a five-step sequential analysis to

8  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

9  416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

10  activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

11  gainful activity," the Commissioner must find that the claimant is not disabled.  20

12  C.F.R. § 416.920(b).

13      If the claimant is not engaged in substantial gainful activity, the analysis

14  proceeds to step two.  At this step, the Commissioner considers the severity of the

15  claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

16  "any impairment or combination of impairments which significantly limits [his or

17  her] physical or mental ability to do basic work activities," the analysis proceeds to

18  step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

19  this severity threshold, however, the Commissioner must find that the claimant is

20  not disabled.  *Id.*

ORDER - 4

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.

ORDER - 5

20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

must also consider vocational factors such as the claimant's age, education and

past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §

416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis

concludes with a finding that the claimant is disabled and is therefore entitled to

benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,

700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On December 8, 2011, Plaintiff applied for Title XVI supplemental security

income benefits alleging a disability onset date of November 14, 2011.[2]  Tr. 194-

99.  The application was denied initially.  Tr. 60-66.  In a September 14, 2012

_____

[2] Plaintiff previously applied for benefits on August 24, 2009, which was denied on

January 27, 2010.  Tr. 60.  Plaintiff did not appeal the decision.

ORDER - 6

reconsideration determination, Plaintiff was found disabled from November 16, 2011 onward, as Plaintiff functionally equaled Listing 112.11.  Tr. 67-76.  On June 21, 2016, Plaintiff was notified she no longer qualified for benefits.  Tr. 90-92.  Plaintiff appealed the cessation, which was denied on April 21, 2017.  Tr. 108-19.  Plaintiff appealed the reconsideration denial, and an administrative law judge (ALJ) held a hearing on August 2, 2018; Plaintiff did not attend the hearing.  Tr. 36-59.  On December 21, 2018, the ALJ denied Plaintiff's claim.  Tr. 15-35.

The ALJ did not make a finding as to whether Plaintiff has engaged in substantial gainful activity as it is not relevant in age-18 disability redeterminations.  *See* 20 C.F.R. § 416.987.  The ALJ used the September 17, 2012 determination as a comparison point decision.  Tr. 20.  At step two, the ALJ found that Plaintiff has the following severe impairment: attention deficit hyperactivity disorder (ADHD), and found Plaintiff has not developed any additional impairments since the comparison point decision.  Tr. 20.  The ALJ also found that since June 21, 2016, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  *Id.*  At step three, the ALJ found Plaintiff medically improved on June 21, 2016, as Plaintiff previously equaled Listing 112.11 but no longer equals Listing 12.11 or 12.05.  Tr. 22-23.  The ALJ then concluded that beginning June 21, 2016, Plaintiff

ORDER - 7

has had the RFC to perform a full range of work at all exertional levels with the

following limitations:

> [Plaintiff] is able to perform work limited to simple, routine, and
> repetitive tasks requiring minimal mathematics, reading, and writing
> skills. [Plaintiff] is able to follow visual instructions or with hands-on
> on-the-job-training. She is able to perform work limited to a low-
> stress work environment, as defined as having no production pace,
> sales, or quota requirements; limited to occasional simple, routine
> workplace changes; and limited independent decision making. She is
> able to perform work limited to brief superficial interaction with the
> public and occasional interaction with co-workers and supervisors.

Tr. 23.

The ALJ found Plaintiff has no past relevant work. Tr. 27. At the last step,

the ALJ found that, considering Plaintiff's age, education, work experience, RFC,

and testimony from the vocational expert, there were jobs that existed in significant

numbers in the national economy that Plaintiff could perform, such as field crop

farm worker, kitchen helper, and housekeeping cleaner. Tr. 28. Therefore, the

ALJ concluded Plaintiff's disability ended on June 21, 2016, and Plaintiff has not

become disabled again since that date. *Id.*

On December 4, 2019, the Appeals Council denied review of the ALJ's

decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for

purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

ORDER - 8

1

**ISSUES**

2      Plaintiff seeks judicial review of the Commissioner's final decision denying

3  her supplemental security income benefits under Title XVI of the Social Security

4  Act.  Plaintiff raises the following issues for review:

5      1.  Whether the ALJ applied the correct legal standard to the disability

6          redetermination;

7      2.  Whether the ALJ properly evaluated the opinion evidence; and

8      3.  Whether the ALJ properly evaluated Plaintiff's symptom claims.

9  ECF No. 14 at 2.

10

**DISCUSSION**

11  **A. Legal Standard**

12      Plaintiff contends the ALJ erred in applying the wrong legal standard to

13  Plaintiff's disability redetermination.  ECF No. 14 at 4-7.  An ALJ's decision will

14  be set aside if the ALJ did not apply proper legal standards.  *Gutierrez v. Comm'r*

15  *of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (citing *Bray v. Comm'r of Soc. Sec.*

16  *Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030,

17  1035 (9th Cir. 2003) (requiring that a Commissioner's decision be free of "legal

18  error")).

19      The ALJ erred in applying the incorrect standard in this case.  When a

20  child's eligibility for benefits is redetermined under the adult criteria when the

child reaches age 18, the ALJ must consider the redetermination under the rules

that apply to an adult that has filed a new application, 20 C.F.R. § 416.920, not the

criteria set forth in 20 C.F.R. § 416.994.  20 C.F.R. § 416.987(b).  Here, the ALJ

incorrectly applied the criteria set forth in 20 C.F.R. § 416.994.  The ALJ looked to

only the severe impairment listed in the prior disability finding, ADHD.  Tr. 20,

62.  The ALJ found Plaintiff does not meet the "Paragraph A" criteria for Listing

12.05, but failed to address whether Plaintiff meets or equals the Paragraph B

criteria for Listing 12.05, instead focusing entirely on Plaintiff's ADHD.  Tr. 20-

23.  The ALJ noted that Dr. Donahue found Plaintiff has borderline intellectual

functioning, Tr. 25, but the ALJ did not analyze the diagnosis or discuss Plaintiff's

IQ score.  An ALJ may only reject an IQ score for specific and legitimate reasons.

*Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1056 (9th Cir. 2010) (citing *Lester v.*

*Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).  As such, the ALJ's focus entirely

on Plaintiff's ADHD led to the failure to address Plaintiff's borderline IQ, which

was harmful error.  The ALJ then repeatedly considered Plaintiff's improvement

since her last determination, without considering the extent to which the

improvement was due to Plaintiff's increased functioning due to her increased age,

rather than overall improvement in her baseline functioning.  Tr. 24.  While

Defendant concedes the ALJ applied the wrong standard, Defendant argues the

error was harmless, because the ALJ applied a less stringent standard and the ALJ

considered Plaintiff's all of impairments and limitations.  ECF No. 20 at 5-9.

However, the ALJ's application of the incorrect standard led to a focus on

analyzing whether Plaintiff's ADHD improved and a failure to address Plaintiff's

borderline IQ and Borderline Intellectual Functioning.  This error was harmful

because the Court cannot determine if the ALJ would have found Plaintiff not

disabled due to her Borderline Intellectual Functioning had there not been a sole

focus on the ADHD improvement.

On remand, the ALJ is instructed to apply the correct legal standard as set

forth in 20 C.F.R. § 416.987(b).  The ALJ is also instructed to take testimony from

Plaintiff related to her present adaptive functioning, and to call a psychological

expert to assist with determining Plaintiff's severe impairments, if her impairments

meet or equal a listing, and what limitations are caused by her impairments.

**B. Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the opinions of

Emma Billings, Ph.D., Donna Veraldi, Ph.D., the IEP team, and Carol D.  ECF No.

14 at 7-16.

*1.  Medical Opinion Evidence*

There are three types of physicians: "(1) those who treat the claimant

(treating physicians); (2) those who examine but do not treat the claimant

(examining physicians); and (3) those who neither examine nor treat the claimant

ORDER - 11

[but who review the claimant's file] (nonexamining [or reviewing] physicians)."

*Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

Generally, a treating physician's opinion carries more weight than an examining

physician's, and an examining physician's opinion carries more weight than a

reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight

to opinions that are explained than to those that are not, and to the opinions of

specialists concerning matters relating to their specialty over that of

nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ

may reject it only by offering "clear and convincing reasons that are supported by

substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

"However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray*, 554 F.3d at 1228 (internal quotation marks and

brackets omitted). "If a treating or examining doctor's opinion is contradicted by

another doctor's opinion, an ALJ may only reject it by providing specific and

legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at

1216 (citing *Lester*, 81 F.3d at 830-31). The opinion of a nonexamining physician

may serve as substantial evidence if it is supported by other independent evidence

in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

ORDER - 12

On June 14, 2016, Dr. Billings performed a psychological consultative examination and rendered an opinion on Plaintiff's functioning.  Tr. 566-72.  Dr. Billings diagnosed Plaintiff with ADHD and borderline intellectual functioning.  Tr. 572.  She opined Plaintiff would have difficulties following written instructions or writing reports; she would require a demonstration training with frequent repetition; she has low math skills and verbal instruction recall; and she demonstrates inattentiveness and concentration problems with a low average pace.  *Id.*

On August 2, 2018, Dr. Veraldi testified at Plaintiff's hearing and gave an opinion on her functioning.  Tr. 41-51.  Dr. Veraldi opined Plaintiff has ADHD and a borderline IQ score.  Tr. 45.  Dr. Veraldi further opined Plaintiff may get overwhelmed even in an entry-level job; Plaintiff is limited to simple, routine, repetitive tasks; limited public interaction including brief superficial contact with the public; no high production rate, high pressure work, or many changes or independent tasks; she would perform better with visual cues; and she agreed with Dr. Billings' opinion that Plaintiff would likely need demonstration training with frequent repetition, though she stated that requirement was accounted for by limiting Plaintiff to simple work.  Tr. 46-48, 50-51.  She opined Plaintiff has moderate limitations in all of the paragraph B criteria, with moderate to marked in concentration, persistence or pace, depending on the job.  Tr. 48-49.  The ALJ gave

ORDER - 13

the opinions of Dr. Veraldi and Dr. Billings great weight.  Tr. 25-26.  However,

Plaintiff contends the ALJ rejected a portion of the opinions relating to Plaintiff's

need for demonstration training with frequent repetition, which Plaintiff argues is

inconsistent with the limitation to occasional supervisor interaction accounted for

in the RFC.  ECF No. 14 at 8-9.  As Dr. Veraldi and Dr. Billings' opinions are

contradicted by the opinions of Dr. Donahue, Tr. 84-88, and Dr. Fligstein, Tr. 588,

the ALJ was required to give specific and legitimate reasons, supported by

substantial evidence, to reject the opinions of Dr. Veraldi and Dr. Billings.  *See*

*Bayliss*, 427 F.3d at 1216.

        As the case is being remanded to apply the correct legal standard, the ALJ is

also instructed to reconsider the medical opinion evidence.  On remand, the ALJ is

instructed to reconsider Dr. Veraldi and Dr. Billings' opinions and incorporate all

of the limitations into the RFC, or give specific and legitimate reasons, supported

by substantial evidence, to reject the opinions.

        *2.  Lay Opinion Evidence*

        First, Plaintiff was eligible for special education services while in school and

multiple individual education plans (IEP) were developed for her.  Tr. 351-61, 383-

405, 452-58, 471-526, 542-65.  The ALJ gave great weight to the May 2015 IEP,

which was created prior to the relevant adjudicative period.  Tr. 26-27.  Plaintiff

contends the ALJ failed to address the 2015 IEP in its entirety, and did not address

ORDER - 14

1   the other IEPs, specifically the 2016 IEP, which fell during the relevant

2   adjudicative period.  ECF No. 14 at 11-13.

3        Second, Plaintiff's mother, Carol D., provided statements regarding

4   Plaintiff's functioning by completing a function report and testifying before the

5   hearing officer.  Tr. 104, 265-72.  Ms. D. reported Plaintiff is unable to

6   independently make decisions, does not independently take care of chores, gets

7   frustrated and angry easily and has inappropriate interactions with others, struggled

8   with schoolwork and accepting orders from others.  Tr. 104.  She reported

9   Plaintiff's learning disability may cause problems with her ability to work; she

10  cannot drive; she does not know how to handle money; she needs someone to

11  accompany her when she leaves the home; and she has difficulty with completing

12  tasks, concentrating, understanding, following instructions, and getting along with

13  others. Tr. 265-72.  The ALJ gave Ms. D.'s opinion limited weight.  Tr. 27.  The

14  ALJ was required to give germane reasons to reject the lay statements.  *See*

15  *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

16       As the case is being remanded to apply the correct legal standard and

17  reconsider the medical opinion evidence, the ALJ is instructed to reconsider the lay

18  opinion evidence, and the contents of the IEPs, and to incorporate the limitations

19  into the RFC or give germane reasons to reject the opinions.

20

ORDER - 15

**C. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims.  ECF No. 14 at 16-21.  An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim*, 763 F.3d at 1163 (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims.  *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)).  "The

ORDER - 16

clear and convincing [evidence] standard is the most demanding required in Social

Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting

*Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting

effects of a claimant's symptoms include: 1) daily activities; 2) the location,

duration, frequency, and intensity of pain or other symptoms; 3) factors that

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

416.929(c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," to "determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the evidence.  Tr. 24.

ORDER - 17

1    The ALJ's evaluation of Plaintiff's symptom claims and the resulting

2   limitations relies entirely on the ALJ's assessment of the medical evidence and the

3   ALJ's misapplication of the improvement standard set forth in 20 C.F.R. §

4   416.994.  Having determined a remand is necessary to readdress the medical

5   source opinions, any reevaluation must necessarily entail a reassessment of

6   Plaintiff's subjective symptom claims.  Thus, the Court need not reach this issue

7   and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims

8   in the context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th

9   Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we

10  decline to reach [plaintiff's] alternative ground for remand.").

11   For the purposes of remand, the Court notes that the ALJ drew conclusions

12  that are not supported by evidence in the record.  For example, the ALJ concluded

13  Plaintiff's adaptive functioning has improved as Plaintiff visited family in another

14  city, compared to her prior report that she had never lived outside her parents'

15  home.  Tr. 22.  However, the ALJ had no information as to whether Plaintiff was

16  receiving care from her family members, Plaintiff's letter indicated she was

17  receiving help with her health, Tr. 185, and the ALJ had no information about

18  Plaintiff's adaptive functioning at the family member's home.  On remand, the

19  ALJ is instructed to take testimony from Plaintiff regarding her current

20  functioning.

ORDER - 18

**D. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 14 at 10-11.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on

ORDER - 19

1    remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874

2    F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied,

3    the Court will not remand for immediate payment of benefits if "the record as a

4    whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759

5    F.3d at 1021.

6        The Court finds further proceedings are necessary for the ALJ to reconsider

7    the evidence when the correct legal standard is applied, to resolve conflicts in the

8    evidence, and to take additional testimony. As such, the case is remanded for

9    further proceedings consistent with this Order.

10                              **CONCLUSION**

11       Having reviewed the record and the ALJ's findings, the Court concludes the

12   ALJ's decision is not supported by substantial evidence and is not free of harmful

13   legal error. Accordingly, **IT IS HEREBY ORDERED**:

14       1. Plaintiff's Motion for Summary Judgment, **ECF No. 14** is **GRANTED**.

15       2. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

16       3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff

17   REVERSING and REMANDING the matter to the Commissioner of Social

18   Security for further proceedings consistent with this recommendation pursuant to

19   sentence four of 42 U.S.C. § 405(g).

20

ORDER - 20

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED August 10, 2020.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 21